# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Zachary P. Berbig<br>Krista S. Berbig,<br><br>Debtors. | BKY Case No.: 23-42451<br>Chapter 7 |
| Randall L. Seaver, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Zachary P. Berbig and<br>Krista S. Berbig,<br><br>Defendants. | ADV Case No.: 25-_____ |

## ADVERSARY COMPLAINT

Randall L. Seaver, Trustee ("**Plaintiff**" or "**Trustee**") of the bankruptcy estate of Zachary P. Berbig and Krista S. Berbig ("**Debtors**"), as and for his Complaint against the Debtors, states and alleges as follows:

1. The Plaintiff is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtors.

2. This bankruptcy case was commenced on November 18, 2023, by the filing of a voluntary Chapter 7 Petition.

3. The Debtors are Minnesota residents residing in Long Lake, MN.

## STATEMENT OF JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

5. This case arises under 11 U.S.C. § 542 and 541.

6. The Trustee consents to entry of final orders or judgment by this Court.

7. This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure that relates to the above-captioned bankruptcy case. The bankruptcy case is pending in this district before this Court.

8. Venue properly lies in this judicial district as this is a proceeding related to a case under Title 11 of the United States Code pending before this Court.

**STATEMENT OF FACTS**

9. Attached here to as Exhibit A (the "**Exhibit**") are numbered pages supporting the Trustee's claims.

10. In August of 2023, Debtors prepaid tuition of $10,400.00 to West Lutheran High School for the 2023-24 school year. Exhibit, page 1. The prepayment became bankruptcy estate property pursuant to 11 U.S.C. § 541. It appears that approximately sixty seven percent (67%) of the school year was postpetition. It appears that the Debtors used the estate's property, sixty seven percent (67%) of the $10,400.00 prepayment, having a value of $6,968.00, for the payment of postpetition school expenses for their child. The Debtors owe $6,968.00 to the bankruptcy estate.

11. Debtor Zachary Berbig receives quarterly payments of about $1,200.00 on account of being a firefighter. Exhibit, p. 2. This bankruptcy case was commenced on November 18, 2023, so the estate's share of the Q4 (2023) payment would be fifty three percent (53%). The Debtors owe $636.00 to the bankruptcy estate.

12. Per a December 15, 2024 paystub, Debtor Zachary Berbig received a $2,000.00 bonus. Exhibit, page 3. Based on the filing date, and the assumption that the payment was for

10517158v3

2023, the estate's share would be eighty eight percent (88%), which equals $1,760.00. The Debtors owe the bankruptcy estate $1,760.00.

13. Page 4 of the Exhibit is a December 1, 2024 payroll check for Debtor Zachary Berbig. Fifty four percent (54%) of that $2,283.00 check was for prepetition wages. The amount owed to the estate for that is $1,232.82.

14. Page 6 of the Exhibit is an Old National Bank ("**ONB**") statement which covers the date of filing. At page 10 of the Exhibit, the ONB statement shows a $4,507.99 balance on the date of filing. The Debtors claimed $2,500.00 as exempt. Accordingly, they owe the bankruptcy estate $2,007.99 for the ONB account.

15. Item 16 of the Debtors' Schedule B evidences that they had $200.00 in cash. Debtors owe that money to the bankruptcy estate.

16. Item 18 of Schedule B states that there is a Thrivent account having a $610.00 value. Debtors owe the bankruptcy estate $610.00 for the Thrivent account.

17. Pages Page 6 and 8 of the Exhibit evidence payments to Debtor Krista Berbig from Shaping Eden, Wolverine Fitness and Venmo. The Trustee has requested, and is entitled to receive, documentation showing the purpose of those payments. The Trustee seeks turnover and a judgment for the amount, currently unknown, of these items which represent non-exempt estate property received by the Debtors.

18. There are three payments from ACHOUR ESHO. Exhibit, p. 8. These payments totaled $1,125.00. The Trustee is entitled to documentation evidencing the purpose for and calculation of those payments. The Trustee has requested this information and has not received it. If these payments are bankruptcy estate property, the Debtors owe the bankruptcy estate $1,125.00.

19. Debtors have retained, without paying the Trustee, a 1997 Chevrolet, valued by the Debtors at $1,000.00. The Debtors owe the Trustee for the $1,000.00 value of that vehicle.

## **COUNT I - TURNOVER**

20. The Trustee restates and realleges the foregoing paragraphs of this Complaint in their entirety.

21. Pursuant to 11 U.S.C. §§ 521(4), 541 and 542(b), the Trustee is entitled to an order of this Court that the value of the items discussed in the foregoing paragraphs 10-16 which, after a credit, total $13,347.05 be turned over to the Trustee by the Debtors.

22. The foregoing amount was calculated as follows: 1997 Chevrolet $1,000.00, cash $200.00, ONB Checking $2,007.99, Thrivent account $610.00, wages $1,232.82, bonus of $1,760.00, prepayment of tuition $6,968.00 and quarterly fireperson pay of $636.00. After deducting Debtors' share of the 2023 tax refunds received by the Trustee, which totals $1,067.76, the balance owed by the Debtors to the Trustee is $13,347.05.

23. The Trustee requests that the Court enter an Order directing Debtors to pay the Trustee $13,347.05 pursuant to §§ 521(4), 541 and 542(b) and entering judgment against the Debtors in that amount.

24. The Trustee requests that the Court enter an Order directing the Debtors to pay the Trustee the amounts owed to the bankruptcy estate pursuant to paragraphs 17 and 18 hereto, which amount is currently unknown.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order as follows:

1. Directing $13,347.05 be immediately turned over to the Trustee by the Debtors to "Randall L. Seaver, Trustee;"

2. Entering judgment against the Debtors in the amount of $13,347.05;

10517158v3

3. Entering judgment against the Debtors for the items specified at paragraphs 17 and 18 of this Complaint, which amounts are currently unknown;

4. Ordering turnover of documentation evidencing the payments to Debtor Krista Berbig from Shaping Eden, Wolverine Fitness and Venmo as identified on the Old National Bank statement dated December 13, 2023, and ordering turnover of the bankruptcy estate's share of those payments, in an amount currently unknown, and entering judgment in the same amount;

5. Ordering turnover of documentation evidencing the three payments from ACHOUR ESHO as identified on the Old National Bank statement dated December 13, 2023;

6. Directing turnover of $1,125.00 if the ACHOUR ESHO payments are deemed to be property of the bankruptcy estate and entering judgment in that amount; and

7. Granting the Trustee such other relief as the Court deems just and equitable in the premises.

MOSS & BARNETT
A Professional Association

Dated: November 19, 2025   By s/ *Matthew R. Burton*
    Matthew R. Burton (#210018)
    Rainey C. Muth (#504053)
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5000
Email:  matthew.burton@lawmoss.com
      rainey.muth@lawmoss.com
ATTORNEYS FOR PLAINTIFF RANDALL L. SEAVER, TRUSTEE